**ANTHONY P. CAPOZZI, CSBN: 068525**
**LAW OFFICES OF ANTHONY P. CAPOZZI**
1233 W. SHAW AVE., SUITE 102
FRESNO, CALIFORNIA 93711
PHONE: (559) 221-0200
FAX: (559) 221-7997
EMAIL: Anthony@capozzilawoffices.com
www.capozzilawoffices.com

ATTORNEY FOR Defendant,
ROMAL PINEDA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>ROMAL PINEDA, et. al.,<br><br>          Defendant. | Case No.: 1:19-CR-00195-DAD-BAM<br><br>**STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE**<br><br>Date:  **May 26, 2020**<br>Time: **1:00 p.m.**<br>Courtroom: **8** |

**TO:   THE HONORABLE COURT AND TO THE ASSISTANT UNITED STATES ATTORNEY:**

This case is set for status conference on May 26, 2020. On May 13, 2020, this Court issued General Order 618, supplementing prior orders issued on March 12, 17, 18, 30, and April 17, 2020, addressing COVID-19 and attendant public health advisories. This court declared a judicial emergency on April 9, 2020, pursuant to 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020, continuing this court's judicial emergency for an additional one-year period and suspending the time limits of 18 U.S.C. § 3161(c) until May 2, 2021.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the General Order requires specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case

1 under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court
2 should designate a new date for the status conference. *United States v. Lewis,* 611 F.3d 1172,
3 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

5 Plaintiff United States of America, by and through its counsel of record, and defendants,
6 by and through their counsel of record, hereby stipulate as follows:

7 1. By previous order, this matter was set for status on May 26, 2020.

8 2. By this stipulation, the parties now move to continue the status conference until
9 September 14, 2020, and to exclude time between May 26, 2020, and September 14, 2020,
10 under Local Code T4.

11 3. The parties agree and stipulate, and request that the Court find the following:

12 a) The government has produced represented that the discovery associated
13 with this case including investigative reports and other documents. All of this discovery
14 has been either produced directly to counsel and/or made available for inspection and
15 copying.

16 b) Counsel for defendants desire additional time to consult with their
17 respective clients regarding the current charges, to conduct investigation and research
18 related to the charges, to review the discovery and forthcoming supplemental discovery,
19 to discuss potential resolutions with their respective clients, to prepare any necessary
20 pretrial motions, and to otherwise prepare for trial.

21 c) The parties believe that failure to grant the above-requested continuance
22 would them reasonable time necessary for effective preparation, taking into account the
23 exercise of due diligence.

24 d) All parties agree to the continuance.

25 e) In addition to the public health concerns cited by General Orders 611
26 through 618 and presented by the evolving COVID-19 pandemic, an ends-of-justice
27 delay is particularly apt in this case because:

28 (i) The status conference involves individuals with high-risk factors,
such as age, and medical conditions.

         (ii) Counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible. It will be difficult to avoid personal contact should the status conference proceed.

    f)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a speedy trial within as prescribed by the Speedy Trial Act.

    g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 26, 2020 to September 14, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Respectfully submitted,

DATED:    May 15, 2020    By: */s/ Melanie L. Alsworth*
    MELANIE L. ALSWORTH
    Assistant United States Attorney

DATED:    May 15, 2020    By: */s/ Anthony P. Capozzi*
    ANTHONY P. CAPOZZI
    Attorney for Defendant ROMAL PINEDA

DATED:    May 15, 2020    By: */s/ David A. Torres*
    DAVID A. TORRES
    Attorney for Defendant MIGUEL VAQUERA, JR.

DATED:   May 15, 2020          By:   */s/ Richard A. Beshwate*
                                     RICHARD A. BESHWATE
                                     Attorney for Defendant ELVIS ZALAYA

## ORDER

IT IS SO ORDERED that the Status Conference is continued from May 26, 2020, to **September 14, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  Time is excluded pursuant to 18 U.S.C. § 3161(c) and (h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **May 15, 2020**               /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE